UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:

    CHANA TAUB,                                          Chapter 11

        Debtor.                                       Case No. 08-44210-ess
---------------------------------------------------------------x
CHANA TAUB,

    Plaintiff,

    -against-                                     Adv. Pro. No. 08-1170-ess

SIMON TAUB,

    Defendant.
---------------------------------------------------------------x

**MEMORANDUM DECISION ON MOTION TO ABSTAIN**

Appearances:

Dennis Houdek, Esq.                            Leo Fox, Esq.
305 Broadway (7th floor)                 630 Third Avenue
New York, NY 10007                      New York, NY 10017
Attorney for Chana Taub                  Attorney for Simon Taub

James Sullivan, Esq.
Arent Fox LLP
1675 Broadway
New York, NY 10019
Attorney for Esther Newhouse

**HONORABLE ELIZABETH S. STONG**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court is a motion by Simon Taub, the defendant, seeking this Court's abstention from deciding certain claims (the "Abstention Motion") in this adversary proceeding (the "Adversary Proceeding"). Mr. Taub is the estranged husband of Chana Taub, the plaintiff, and the debtor (the "Debtor") in this Chapter 11 bankruptcy case. He seeks an order pursuant to 28 U.S.C. §§ 157, 1334(c)(1), and 1334(c)(2), providing that this Court abstain from deciding the claims in this Adversary Proceeding on grounds that those claims are based on equitable distribution claims asserted by the Debtor in New York State Supreme Court, County of Kings (the "Supreme Court, Kings County").

A hearing on the Abstention Motion was held on July 22, 2009, at which counsel for Mr. Taub, counsel for the Debtor, and counsel for Esther Newhouse appeared and were heard. Based upon the entire record and consideration of the relevant factors, the arguments of counsel, and for the reasons stated below, the Abstention Motion is denied.

## Jurisdiction

The Court has jurisdiction over this Chapter 11 bankruptcy case pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(1), and over this Abstention Motion pursuant to 28 U.S.C. §§ 157(b)(3).

## Procedural History

On July 1, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York. The Debtor continues to operate and manage her business and property as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108.

On July 29, 2008, the Debtor filed this Adversary Proceeding against Mr. Taub. Docket

No. 1. In the complaint (the "Complaint"), the Debtor seeks a turnover and accounting of rents that she alleges were improperly collected by Mr. Taub from certain properties that the Debtor claims to own, as well as injunctive relief against Mr. Taub restraining him from collecting rents and requiring him either to vacate or to pay rent on an apartment that he occupies in a building that she claims to own. *Id*.

On September 15, 2008, Mr. Taub filed an answer to the Complaint in which he denies the allegations of the Complaint and requests, among other things, that the Court abstain from hearing the issues raised in this Adversary Proceeding and any claims that are the subject of equitable distribution. Docket No. 8.

On June 1, 2009, Mr. Taub filed the Abstention Motion for an order providing that this Court abstain from hearing the issues raised in the Complaint. Docket No. 30. In support of the Abstention Motion, Mr. Taub filed an application (the "Deft's App.") and his affirmation.

On June 1, 2009, Mr. Taub also filed a motion for abstention in *Chana Taub v. Simon Taub, 10 Grand Avenue LLC, Rachel Taub and Perl Fein*, Adv. Pro. No. 09-1027 (Bankr. E.D.N.Y.) (the "09-1027 Abstention Motion"). Adv. Pro. No. 09-1027, Docket No. 10. On the same date, Mr. Taub filed a motion (the "Lift Stay Motion") in the Debtor's bankruptcy case for an order terminating the automatic stay to allow Mr. Taub and the Debtor to proceed to conclusion up until judgment with the matrimonial action (the "Second Divorce Action") pending in the Supreme Court, Kings County. Case No. 08-44210, Docket No. 260.

On June 23, 2009, the Debtor filed a Brief of Debtor/Plaintiff in Opposition to Defendant's Abstention Motion (the "Debtor's Opp."), as well as her affirmation and the affirmation of Dennis Houdek (the "Houdek Affirm."). Docket Nos. 33-35.

On June 25, 2009, Esther Newhouse, a creditor in the Debtor's bankruptcy case, filed a Joinder In Support of Brief of Debtor in Opposition to Simon Taub's Motion for Abstention (the "Newhouse Joinder"). Docket No. 36.

On July 6, 2009, Mr. Taub filed a reply to the Debtor's Opposition to the Abstention Motion (the "Deft's Reply"). Docket No. 37. Mr. Taub also filed replies to the Debtor's opposition to the 09-1027 Abstention Motion, and the Lift Stay Motion. *See* Adv. Pro. No. 09-1027, Docket No. 17; Case No. 08-44210, Docket No. 281.

## Background

The Debtor and Mr. Taub have been engaged in contentious and acrimonious litigation, including two divorce actions, in the New York state courts since 2005. The Debtor commenced a divorce action against Mr. Taub in the Supreme Court, Kings County on June 17, 2005 (the "First Divorce Action"). Debtor's Opp. at 2. The First Divorce Action was dismissed after a jury trial on March 27, 2007. Debtor's Opp. at 4; Deft's App. ¶ 1. During the pendency of the First Divorce Action, three of the four judges to whom the matter was assigned recused themselves. Deft's App. ¶¶ 6-7.

As the schedules filed with the Debtor's bankruptcy petition reflect, the Debtor claims an interest in several properties, including the properties that are the subject of this Adversary Proceeding. In particular, the Debtor's schedules state that she claims an interest in three properties titled solely in her name located at 1259 52nd Street (the "52nd Street Property"), 4819 14th Avenue (the "14th Avenue Property"), and 1405 49th Street (the "49th Street Property"), in Brooklyn, New York, and in property titled jointly in the Debtor's and Mr. Taub's names located at 85 Forshay Road, Monsey, New York (the "Forshay Road Property"). Case

No. 08-44210, Docket No. 12 (Schedule A). These four properties are also the subject of Adversary Proceeding No. 08-1424 filed by Pnina Kaufman as guardian for Moshe Taub, Mr. Taub's father, against the Debtor, in which Ms. Kaufman seeks the imposition of a constructive trust in favor of Moshe Taub on grounds that he placed these properties in the Debtor's name in reliance on promises that she would reconvey them to him upon his request. Adv. Pro. No. 08-1424, Docket No. 1. And the properties are the subject of an action in the Supreme Court, Kings County brought by Ms. Kaufman on February 21, 2006, seeking similar relief (the "Kaufman State Court Action"). Deft's App. Exh. E (Complaint ¶ 28).

The Debtor also claims an equitable interest in three properties which were titled solely in Mr. Taub's name and conveyed by Mr. Taub to his daughters following the First Divorce Action. Case No. 08-44210, Docket No. 12 (Schedule A). These three properties are located at 6-8 Grand Avenue, 10 Grand Avenue, and 23-27 Grand Avenue, in Brooklyn, New York (the "Grand Avenue Properties"), and are the subject of Adversary Proceeding No. 09-1027, the 09-1027 Abstention Motion, and the Kaufman State Court Action.

Soon after dismissal of the First Divorce Action, in May 2007, the Debtor commenced the Second Divorce Action in Supreme Court, New York County, and this action was subsequently transferred to the Supreme Court, Kings County. 09-1027 Abstention Motion, Defts' App. ¶¶ 7-8. In that action, the court deferred to the Kaufman State Court Action the issues of the appointment of a receiver and ownership of the alleged marital properties. Houdek Affirm. Exh. F (October 30, 2007, Order (Demarest, J.)), Exh. G (transcript dated October 30, 2007). *See* Debtor's Opp. at 7-8.

Since filing her Chapter 11 bankruptcy petition, the Debtor has commenced several state

4

court proceedings that relate to the Second Divorce Action and the equitable distribution issues. The Debtor sought the recusal of Justice Carolyn E. Demarest, the fourth judge to whom the Second Divorce Action was assigned, on grounds of bias. Deft's App. ¶ 11, Exh. A (February 11, 2009, Decision and Order (Demarest, J.)). The Debtor's request was denied and an appeal of that decision is pending.[1]  09-1027 Abstention Motion, Defts' App. ¶¶ 17-18. *See also* Bankruptcy Case No. 08-44210, Docket No. 300 (July 23, 2009, letter from Chana Taub) (questioning the fairness of the state court proceedings).

On July 23, 2008, the Debtor filed a motion in the Second Divorce Action for an accounting by Mr. Taub of "all marital properties including the Grand Avenue properties." 09-1027 Abstention Motion, Defts' App. ¶ 11, Exh. F (Chana Taub Aff. at 4).

In addition, on October 24, 2005, before filing her bankruptcy case, the Debtor commenced an action in New York Supreme Court "seeking relief for alleged fraudulent transfer and constructive trust relating to the Grand Avenue Properties." 09-1027 Abstention Motion, Defts' App. ¶ 10. *See* 09-1027 Abstention Motion, Defts' App. Exh. E (September 11, 2008,

---

[1] In denying the Debtor's motion for recusal, Justice Demarest observed:

> Plaintiff's purpose in making the instant motion to recuse is to obtain yet another forum and another Judge who will be unfamiliar with the history of this case in the hopes of obtaining results previously denied. Certainly, the administration of justice would be ill-served by my granting such relief as the resources of an already-overburdened Court system would be further diverted into the protracted litigation perpetuated by the parties to this action. I further believe that the parties themselves, including the [Debtor] would be ill served by my recusal as, at present I seem to be the only Judge fully familiar with the long history and the several related cases. I know of no reason that I cannot continue to preside fairly and impartially over the matters before me.

Deft's App. Exh. A (February 11, 2009, Decision and Order (Demarest, J.)).

Order on Stipulation Extending Lis Pendens (Schmidt, J.)).

The Complaint

In the Complaint, the Debtor alleges that she is the sole owner of the 14th Avenue Property and the 52nd Street Property, that she is a joint owner with Mr. Taub of the Forshay Road Property, and that each is a rent-producing property (the "Rent-Producing Properties"). Complaint ¶¶ 10-21. The Debtor also alleges that she is the sole owner of the 49th Street Property, which is the marital home and does not generate rental income. Complaint ¶¶ 10, 22-25. The Debtor further alleges that Mr. Taub has failed to pay rent on an apartment that he occupies at the 14th Avenue Property. Complaint ¶¶ 44-45.

In her first cause of action, the Debtor seeks an injunction restraining Mr. Taub from collecting rents and harassing the tenants at the Rent-Producing Properties. Complaint ¶¶ 51-55, p.16. The Debtor also seeks an order authorizing her to collect the rents at the Rent-Producing Properties. Complaint ¶ 52, p.16. She further seeks an order compelling Mr. Taub to vacate the apartment that he occupies at the 14th Avenue Property, or to pay her a fair market rent. Complaint ¶ 56, p.16.

In her second cause of action, the Debtor seeks turnover, pursuant to Bankruptcy Code Section 542, of the rents that Mr. Taub has collected. Complaint ¶¶ 62-64, pp.16-17. She also seeks an accounting by Mr. Taub of funds he received and disbursed while he allegedly managed the Rent-Producing Properties. Complaint ¶ 65, p.17.

**Discussion**

Abstention is an "'extraordinary and narrow exception to' the federal court's duty to adjudicate a controversy properly before it." *Eastern Airlines, Inc. v. Int'l Assoc. of Machinists*

*& Aerospace Works (In re Ionosphere Clubs, Inc.*), 108 B.R. 951, 954 (Bankr. S.D.N.Y. 1989) (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959)).

A bankruptcy court may abstain from hearing certain proceedings in two ways that are set forth at 28 U.S.C. §§ 1334(c)(1) and (c)(2). First, 28 U.S.C. § 1334(c)(1) provides for permissive or discretionary abstention. Section 1334(c)(1) states:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).

Second, 28 U.S.C. § 1334(c)(2) provides for mandatory abstention. Section 1334(c)(2) states:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

*Mandatory Abstention*

Mr. Taub argues that the requirements for mandatory abstention are met here. He argues:

> In order for [this] Court to grant relief on this Complaint, the Court would be required to determine . . . the ownership interest of the Debtor and Simon in the three properties, the offsets by the parties against each other for amounts which may have been appropriated, the amounts due for spousal support, child support, the extent of joint efforts [or] expenditures, contribut[ions] and services, and the circumstances of the case.

Deft's App. ¶ 7.

Mr. Taub further argues that although "the Complaint fails to request a declaratory judgment that the Debtor is the sole owner of the three properties . . . the gravamen of the Complaint is that the Debtor is the sole owner . . . and therefore entitled to the accounting and 100% of the monies demanded, despite the [Second] Divorce Action which clearly places these issues in dispute." Deft's App. ¶ 8. Thus, Mr. Taub argues that this Adversary Proceeding is based upon state law, and that this Adversary Proceeding could not have been commenced in federal court "absent the jurisdiction conferred by the automatic stay." Deft's App. ¶ 13.

The Debtor opposes the relief sought here on grounds that this Court has jurisdiction to determine "the Debtor's interest in the marital property." Debtor's Opp. at 19. Ms. Newhouse joins in the arguments set forth in the Debtor's opposition to the Abstention Motion. Newhouse Joinder ¶ 1.

Section 1334(c)(2) sets forth five elements that must be satisfied in order for mandatory abstention to apply. These elements are: (1) a party to a proceeding files a timely motion to abstain; (2) the proceeding is based upon a state law claim or state law cause of action; (3) the proceeding is a non-core, but "related to" proceeding and does not arise under the Bankruptcy Code; (4) there is no basis for federal jurisdiction other than 28 U.S.C. § 1334; and (5) an action is commenced and can be timely adjudicated in state court. *See* 28 U.S.C. § 1334(c)(2). "In determining whether to abstain, if the Court finds that any element of the test . . . has not been satisfied, then it must find that mandatory abstention is improper." *Smith v. McLesky (In re Bay Vista of Virginia, Inc.*), 394 B.R. 820, 833 (Bankr. E.D. Va. 2008).

The Court will consider these elements in turn.

<u>Whether a Party to the Proceeding Filed a Timely Motion To Abstain</u>

The first element that the Court must consider is whether the Abstention Motion is timely. Section 1334(c)(2) does not define a "timely" motion to abstain. As several courts have noted, "[c]ourts have generally adopted a flexible, case-specific approach in determining whether a motion for mandatory abstention is 'timely.'" *Channel Bell Assocs. v. W.R. Grace & Co.*, 1992 WL 232085, at *5 (S.D.N.Y. 1992) (citations omitted).

The parties were directed to file any motions seeking this Court's abstention from determining a request for relief pending before the Court by June 1, 2009. *See* Case No. 08-44210, Docket Nos. 249, 258. Mr. Taub filed this Abstention Motion on June 1, 2009.

Accordingly, the Court finds that Mr. Taub has filed a timely motion to abstain, and this element of mandatory abstention is satisfied.

Whether the Proceeding Is Based Upon a State Law Claim or State Law Cause of Action

The second element that the Court must consider is whether this action is based upon state law claims. The Debtor seeks an order directing Mr. Taub not to interfere with her management of the Rent-Producing Properties, authorization to continue that management, and turnover and an accounting of the rents she alleges that Mr. Taub has improperly collected. She also seeks an order directing Mr. Taub to vacate the apartment that he occupies at the 14th Avenue Property or pay fair market rent.

The claims asserted in the Complaint are based upon Bankruptcy Code Sections 105 and 542 of the Bankruptcy Code and Bankruptcy Rules 7001 and 7065. That is, the claims asserted in the Complaint are based upon the Bankruptcy Code and the Bankruptcy Rules, and not upon state law.

Accordingly, the Court finds that this Adversary Proceeding is not based upon state law,

and this element of mandatory abstention is not satisfied.

<u>Whether the Proceeding Is a Non-Core, But "Related To" Proceeding and Does Not Arise Under the Bankruptcy Code</u>

The third element that the Court must consider is whether this action is a non-core, "related to" proceeding that does not arise under the Bankruptcy Code. As the Second Circuit has found, "[a]bstention is only mandated with respect to non-core matters. . . . Therefore, where a matter constitutes a core proceeding, the mandatory abstention provisions of section 1334(c)(2) are inapplicable." *In re Petrie Retail, Inc*., 304 F.3d 223, 232 (2d Cir. 2002). *See Kohn v. Hursa (In re Hursa)*, 87 B.R. 313, 324 (Bankr. D.N.J. 1988) (finding that 28 U.S.C. § 1334(c)(2) requires a bankruptcy court to abstain from determining property rights of debtor and non-debtor spouse when the state court can determine those interests under equitable distribution in a pending divorce).

Core proceedings include those proceedings "arising under" the Bankruptcy Code, such as proceedings asserting rights created by the Bankruptcy Code, and those proceedings "arising in" a bankruptcy case, such as matters that would not arise outside the context of the bankruptcy case. *In re Nat'l Eastern Corp.*, 391 B.R. 663, 668-69 (Bankr. D. Conn. 2008); 28 U.S.C. § 157(b)(1) ("Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11 . . . and may enter appropriate orders and judgments, subject to review under [28 U.S.C. § 158]."). *See Mt. McKinley Ins. Co. v. Corning Inc.*, 399 F.3d 436, 447-48 (2d Cir. 2005) (finding that cases "arising under" or "arising in" Title 11 proceedings are the same as "core proceedings" under 28 U.S.C. § 157(b)); *Geron v. Manshul Constr. Co. (In re Manshul Constr. Co.)*, 225 B.R. 41, 45 (Bankr. S.D.N.Y. 1998) ("'Arising in' and 'arising under' proceedings encompass the matters

that are at the core of the jurisdiction of the bankruptcy courts, and depend upon the application or construction of bankruptcy law as expressed in Title 11." (quotations omitted)).

"Noncore matters are those 'related to' the debtor's bankruptcy case, [that is,] those whose outcome could conceivably affect the bankruptcy estate." *In re Nat'l Eastern Corp.*, 391 B.R. at 669. Whether a proceeding has a conceivable effect on a bankruptcy estate depends on whether the outcome could "alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate." *Back v. LTV Corp. (In re Chateaugay Corp.)*, 213 B.R. 633, 638 (S.D.N.Y. 1997) (citations omitted). And "with respect to non-core claims, unless the parties otherwise agree, the bankruptcy court can only recommend findings of fact and conclusions of law to the district court." *U.S. Lines, Inc. v. American Steamship Owners Mutual Prot. and Indem. Ass'n (In re U.S. Lines, Inc.)*, 197 F.3d 631, 636 (2d Cir. 1999).

"Core proceedings" touch on issues at the heart of federal bankruptcy power, such as "the restructuring of debtor-creditor relations." *In re U.S. Lines, Inc.*, 197 F.3d at 636. Section 157(b)(2) contains a non-exclusive list of "core proceedings," including "matters concerning the administration of the estate" and "orders to turn over property of the estate." 11 U.S.C. §§ 157(b)(2)(A), (E).

Mr. Taub argues that this Adversary Proceeding is a non-core proceeding because the claims asserted are state law claims that could not have been commenced in this Court absent jurisdiction under 28 U.S.C. § 1334. Deft's App. ¶¶ 12-13; Deft's Reply ¶¶ 7-9. The Debtor argues that this Court has jurisdiction to determine the extent of the Debtor's interest in the marital property and, therefore, this Adversary Proceeding is a core proceeding. Debtor's Opp.

at 19-22.

The filing of this Chapter 11 petition created an estate under Section 541 of the Bankruptcy Code which includes "all legal or equitable interests of the debtor in property as of the [Petition Date]." 11 U.S.C. § 541(a)(1). And the Bankruptcy Code provides that rents and other proceeds from property of the estate are included as property of the estate. 11 U.S.C. § 541(a)(6) (property of the estate includes "[p]roceeds, product, offspring, rent, or profits of or from property of the estate."). Although the question of what is property of the estate under Bankruptcy Code Section 541(a) is a federal question, the nature and extent of property rights is determined by state law. *Butner v. United States*, 440 U.S. 48, 55 (1979). Here, New York law is the applicable state law. And while the Bankruptcy Code does not define the Debtor's legal and equitable interests in property, it does make those interests, whatever they are, part of this estate.

As of the Petition Date, the Debtor held title to the 52nd Street Property, the 14th Avenue Property, and the 49th Street Property, and the Debtor and Mr. Taub jointly held title to the Forshay Road Property. *See* Case No. 08-44210, Docket No. 12 (Schedule A). This gave the Debtor a legal interest in these properties, and that interest became property of her Chapter 11 bankruptcy estate under Bankruptcy Code Section 541 when the case was commenced. This also gave the Debtor a legal interest in the rents and proceeds from these properties, and that interest too became property of her Chapter 11 bankruptcy estate when the case was commenced.

In this action, the Debtor asserts claims against Mr. Taub pursuant to Bankruptcy Code Section 542(a) for turnover and an accounting of rents from property of the estate, and to vacate or pay rent on an apartment that he occupies at the 14th Avenue Property. These claims invoke

12

substantive rights created by bankruptcy law, and resolving these rights concerns the turnover of property of the estate. Section 157(b)(2)(E) identifies actions to turnover property of the estate as core proceedings. 28 U.S.C. § 157(b)(2)(E). *See Double TRL, Inc. v. F.S. Leasing, Inc. (In re Double TRL, Inc.)*, 65 B.R. 993, 1000 (Bankr. E.D.N.Y. 1986) (an adversary proceeding that seeks turnover of identified property which the debtor may use, sell, or lease, and an accounting for such property is "prima facie a core proceeding.").

The Debtor also requests an injunction directing Mr. Taub not to interfere with her management of property of the estate. This claim also invokes substantive rights created by bankruptcy law, and resolving those rights concerns the administration of property of the estate. Section 157(b)(2)(A) identifies actions concerning the administration of the estate as core proceedings. 28 U.S.C. §§ 157(b)(2)(A). As such, this action arises under the Bankruptcy Code, and is a core proceeding under Section 157.[2]

Accordingly, the Court finds that this element of mandatory abstention is not satisfied.

<u>Whether There Is a Basis for Federal Jurisdiction Other than 28 U.S.C. § 1334</u>

The fourth element that the Court must consider is whether there is a basis for the exercise of federal jurisdiction other than Section 1334. The Debtor's claims in this Adversary Proceeding arise under the Bankruptcy Code and the Bankruptcy Rules and concern property of the Debtor's estate. The sole basis for this Court's jurisdiction is that the Debtor filed a Chapter 11 bankruptcy petition.

---

[2] That is not to say that all of the issues that the Debtor and Mr. Taub may have with respect to the properties at issue here are before the Court in this action or subject to this Court's jurisdiction. Whether these properties are marital properties, and if so, the extent of the Debtor's and Mr. Taub's equitable distribution interest in that marital property, are questions that may be decided in other proceedings, including the Second Divorce Action.

13

Accordingly, the Court finds that there is no basis for federal jurisdiction other than Section 1334, and this element of mandatory abstention is satisfied.

<u>Whether an Action Is Commenced and Can Be Timely Adjudicated in State Court</u>

The fifth element that this Court must consider is whether an action has been commenced and can be timely adjudicated in state court. The Second Divorce Action is presently pending before the Supreme Court, Kings County, and a portion of the relief requested in this Adversary Proceeding has also been sought by the Debtor in the Second Divorce Action. For example, the Debtor seeks an accounting by Mr. Taub of "all marital properties including the Grand Avenue properties." 09-1027 Abstention Motion, Defts' App. Exh. F (Chana Taub Aff. at 4). At the same time, much of the relief requested here does not appear to be the subject of a pending action in state court, including the Debtor's claims for turnover of property of the estate and other injunctive relief. This relief has consequence only in the context of a bankruptcy case.

Accordingly, the Court finds that actions have not been commenced in state court where the relief requested here can be obtained and timely adjudicated, and this element of mandatory abstention is not satisfied.

\*    \*    \*

For these reasons, and based upon the entire record, the Court finds that three of the five elements for mandatory abstention under 28 U.S.C. § 1334(c)(2) are not satisfied, and this Court is not required to abstain from deciding the claims in this Adversary Proceeding. *See In re Bay Vista of Virginia*, 394 B.R. at 833 ("In determining whether to abstain, if the Court finds that any element of the test . . . has not been satisfied, then it must find that mandatory abstention is improper.")

*Permissive Abstention*

As an alternative basis for relief, Mr. Taub asks the Court to exercise its discretion to abstain from deciding the claims in the Adversary Proceeding under the doctrine of permissive abstention. Permissive abstention is applicable in a core or non-core proceeding and is warranted "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1).

In considering whether permissive abstention is appropriate, courts have "considered **one or more** (not necessarily all) of twelve factors." *Cody, Inc. v. County of Orange (In re Cody, Inc.)*, 281 B.R. 182, 190 (S.D.N.Y. 2002), *aff'd in part, appeal dismissed in part*, 338 F.3d 89 (2d Cir. 2003). These factors are:

> "(1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties."

*In re Cody*, 281 B.R. at 190-91 (quoting *In re 610 W. 142nd Owners Corp.*, 1999 WL 294995 (S.D.N.Y. 1999)).[3] *See In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 332 (S.D.N.Y. 2003).

The Court will consider several relevant factors in turn.

<u>The Effect or Lack Thereof on the Efficient Administration of the Estate</u>

---

[3] The third, ninth, and eleventh factors are not relevant to this matter and are not discussed below.

15

One relevant factor is the effect that abstention would have on the efficient administration of the Debtor's estate. Abstention would impede the administration of the bankruptcy estate for several reasons. A primary purpose of bankruptcy law is to maximize the value of a debtor's estate and to distribute, on an equitable basis, the assets of the estate to creditors. One way this is accomplished is through a turnover of property of the estate. This Adversary Proceeding is related to this primary purpose of bankruptcy law, as its determination will affect the assets held by the Debtor in her name and the framework within which the Debtor will reorganize. The properties that are the subject of this action are significant assets of the Debtor's bankruptcy estate. More generally, a paramount concern of this Court is the effective and expeditious administration of this bankruptcy reorganization, and this Court's determination of the claims raised in the Adversary Proceeding will advance the efficient administration of this bankruptcy case.

Accordingly, the Court finds that this factor weighs against abstention.

<u>The Extent to Which State Law Issues Predominate over Bankruptcy Issues</u>

A second relevant factor is the extent to which state law issues predominate over bankruptcy issues in the context of this Adversary Proceeding. As discussed above, claims asserted in the Complaint are based upon the Bankruptcy Code and the Bankruptcy Rules, so that state law issues do not predominate over issues of bankruptcy law.

Accordingly, the Court finds that this factor weighs against abstention.

<u>The Presence of a Related Proceeding Commenced in State Court or Other Non-Bankruptcy Court</u>

A third relevant factor is whether there is a related proceeding pending in state court or another non-bankruptcy forum. There are related proceedings pending in state court, including

16

the Second Divorce Action, where the Debtor seeks an accounting by Mr. Taub with respect to the marital properties. 09-1027 Abstention Motion, Exh. F. (Chana Taub Aff. at 4). At the same time, there is not a related proceeding pending in state court where the relief sought with respect to this bankruptcy case and property of the estate may be obtained.

Accordingly, the Court finds that this factor weighs against abstention.

<u>The Jurisdictional Basis, If Any, Other than 28 U.S.C. § 1334</u>

A fourth relevant factor is the basis for federal jurisdiction, if any, other than 28 U.S.C. § 1334. As noted above, this Adversary Proceeding is based upon the Bankruptcy Code and the Bankruptcy Rules, and there is no basis for federal jurisdiction other than 28 U.S.C. § 1334.

Accordingly, the Court finds that this factor weighs in favor of abstention.

<u>The Degree of Relatedness or Remoteness of the Proceeding to the Main Bankruptcy Case</u>

A fifth relevant factor is the degree of relatedness or remoteness of the Adversary Proceeding to the main bankruptcy case. As this Adversary Proceeding concerns the turnover and administration of property of the estate, it is closely related to the Debtor's Chapter 11 case.

Accordingly, the Court finds that this factor weighs against abstention.

<u>The Substance Rather than the Form of an Asserted "Core" Proceeding</u>

A sixth relevant factor is whether this Adversary Proceeding is, in substance as opposed to in form, a core proceeding. The claims asserted in this Adversary Proceeding arise under the Bankruptcy Code. As such, this action is a core proceeding in form and in substance.

Accordingly, the Court finds that this factor weighs against abstention.

<u>The Feasibility of Severing State Law Claims from Core Bankruptcy Matters To Allow Judgments To Be Entered in State Court with Enforcement Left to the Bankruptcy Court</u>

A seventh relevant factor is the feasibility of severing state law claims from bankruptcy

matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court. As discussed above, the claims in this Adversary Proceeding arise under the Bankruptcy Code and Bankruptcy Rules. There are no state law claims asserted in this Adversary Proceeding.

Accordingly, this factor weighs against abstention.

### The Likelihood that the Commencement of the Proceeding in a Bankruptcy Court Involves Forum Shopping by One of the Parties

An eighth factor with some relevance is whether this action and the Debtor's Chapter 11 bankruptcy case are the product of forum shopping. The Debtor states that the "emergency" filing of this Chapter 11 case on July 1, 2008, was due to the imminent auction sale of one of her properties. Debtor's Opp. at 17. Almost one month later, on July 29, 2008, the Debtor commenced this Adversary Proceeding. Some two weeks after the Petition Date, and five days before the commencement of this Adversary Proceeding, the Debtor sought by motion in the Supreme Court, Kings County, some of the same relief sought in this Adversary Proceeding. *See* Deft's App. ¶ 10, Exh. F (Chana Taub Aff. at 4). And as noted above, the Debtor has sought recusal of the four judges assigned to the matrimonial action. *See* n.1, *supra*. Thus, it appears that some consideration of forum shopping may have influenced the Debtor to bring this action here.

Accordingly, the Court finds that this factor weighs in favor of abstention.

### The Presence in the Proceeding of Non-Debtor Parties

A ninth factor relevant factor is whether there are non-debtor parties present in the proceeding. Here, only the defendant Simon Taub is a non-debtor party.

Accordingly, the Court finds that this factor does not weigh in favor of or against

18

abstention.

*        *        *

For these reasons, and based on the entire record, the Court finds that the relevant factors do not weigh in favor of this Court's exercising its discretion to abstain from deciding the claims in this Adversary Proceeding.

## **Conclusion**

For the reasons stated herein, and based on the entire record, the Court concludes that it will not abstain from deciding the claims in this Adversary Proceeding under the mandatory abstention doctrine of 28 U.S.C. § 1334(c)(2) or the permissive abstention doctrine of 28 U.S.C. § 1334(c)(1).

An order in conformity with this Memorandum Decision shall be entered simultaneously herewith.

Dated: Brooklyn, New York
        August *14*, 2009

> *S/Elizabeth S. Stong*
> ELIZABETH S. STONG
> UNITED STATES BANKRUPTCY JUDGE